UNITED STATES, Appellee,

v.

Kasie L. DAWSON, Private, U.S.
Marine Corps, Appellant.

No. 98–0434.
Crim.App. No. 96–2394.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 16, 1998.

Decided Sept. 9, 1999.

EFFRON, J., delivered the opinion of the
Court, in which COX, C.J., and SULLIVAN,
CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Lieutenant J.L. Eichen-
muller,* JAGC, USNR (argued).

For Appellee: *Major Clark R. Fleming,*
USMC (argued); *Colonel K.M. Sandkuhler,*
USMC, and *Commander D.H. Myers,* JAGC,
USN (on brief); *Colonel Charles Wm. Dor-
man,* USMC.

Judge EFFRON delivered the opinion of
the Court.

A special court-martial composed of a mili-
tary judge sitting alone convicted appellant,
pursuant to her pleas, of six specifications of
making and uttering worthless checks by
dishonorably failing to maintain sufficient
funds, and one specification of breaking re-
striction, in violation of Article 134, Uniform
Code of Military Justice, 10 USC § 934. She
was sentenced to confinement for 100 days
and a bad-conduct discharge. The convening
authority approved that portion of the sen-
tence that provided for a bad-conduct dis-
charge, and the Court of Criminal Appeals
affirmed in an unpublished opinion.

On appellant's petition, we granted review
of the following issue:

WHETHER THE NAVY–MARINE
CORPS COURT OF CRIMINAL AP-
PEALS ERRED WHEN IT HELD
THAT A POST–TRIAL AGREEMENT
BETWEEN THE CONVENING AU-
THORITY AND APPELLANT WAS
VALID ALTHOUGH IT EFFECTED A
RETROSPECTIVE WAIVER OF NU-
MEROUS VIOLATIONS OF APPEL-
LANT'S SUBSTANTIAL DUE PRO-
CESS RIGHTS.

For the reasons set forth below, we hold that
the agreement between appellant and the
convening authority was valid under the cir-
cumstances of this case.

## I. BACKGROUND

Prior to trial, appellant and the convening authority entered into a pretrial agreement under which any adjudged confinement would be treated as follows: The first 30 days would be converted into 1.5 days of restriction for each day of confinement. Any confinement in excess of 30 days would be suspended.

At trial, appellant received a sentence that included confinement for 100 days. Under the pretrial agreement, the convening authority placed appellant on restriction immediately after the trial. The staff judge advocate (SJA) subsequently determined that this was improper, apparently on the ground that the pretrial agreement contemplated that restriction would not commence until after the convening authority's action on the findings and sentence. While on restriction, appellant missed a muster, and thereafter she was informed that a proceeding would be held to vacate the suspended sentence on the basis that missing the muster constituted the offense of breaking her restriction.

At this point, appellant did not challenge these matters through available legal processes, such as a request for a post-trial session under Article 39(a), UCMJ, 10 USC § 839(a), before the military judge, a submission to the convening authority in response to the notification of the vacation proceeding, or an Article 138, UCMJ, 10 USC § 938 complaint. Instead, appellant absented herself and was administratively placed in desertion status.

The command then held a proceeding under RCM 1109, Manual for Courts–Martial, United States (1995 ed.), in appellant's absence and without defense counsel being present. This resulted in vacation of the suspended sentence. The SJA later concluded that this proceeding was illegal.

Subsequently, appellant was apprehended and placed in confinement. The SJA also concluded that the period of confinement included a substantial period of illegal confinement as a result of the command's failure to conduct a pretrial confinement hearing under RCM 305. During this period, appellant was charged with desertion for the absence that occurred after the trial.

These events transpired after the trial on the initial offenses but prior to action by the convening authority on the results of that trial. While the convening authority's action was pending, trial defense counsel submitted clemency matters under RCM 1105, requesting that the convening authority: (1) dismiss the new charge of absence which arose after the trial, and (2) credit the period of confinement served as part of the suspended portion of the sentence.

In a separate initiative, appellant entered into an agreement with the convening authority in which she agreed to waive her right to appear at a hearing to vacate the suspension of her sentence. She also agreed that the convening authority would no longer be bound by the pretrial agreement and could approve the original sentence without suspending confinement. In return, the convening authority agreed to withdraw the new charge concerning appellant's absence after the trial, and to provide day-for-day credit toward her sentence for all the time served in "pretrial confinement" for the absence offense that occurred after the trial.

The SJA subsequently advised the convening authority that, as a matter of law, any illegal pretrial confinement connected to the offense that occurred after the original trial need not be addressed in the context of the post-trial action on the original trial; instead, the illegal confinement arising out of the post-trial offense could be addressed in any further proceedings on the post-trial offense. The SJA also advised the convening authority that, in view of the numerous errors in the original case, the convening authority should disapprove all confinement. The SJA's recommendation was served on the defense counsel, who expressly urged the convening authority to adopt it. The convening authority then approved the findings and the bad-conduct discharge and disapproved all adjudged confinement.

## II. DISCUSSION

This case does not involve post-trial renegotiation of a judicially approved pretrial

agreement; nor does it otherwise threaten to undermine the purposes of the judicial inquiry under *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969). The present case involves separate, post-trial proceedings that are subject to appellate judicial review, but are not subject to review by the military judge who presided over the trial.

This case involves a person who, as a result of her own post-trial misconduct, faced two matters within the cognizance of the command that are not subject to review by the military judge who presided at trial: (1) a vacation proceeding under RCM 1109 for allegations of post-trial misconduct, and (2) a charge growing out of that conduct that could lead to a separate court-martial. The servicemember requested specific relief from the command and negotiated directly with the command to obtain that relief. The issue before us is whether, in this context, we should preclude a commander from dismissing a charge or forgoing a vacation proceeding without the approval of a military judge.

The circumstances of this case do not require us to set aside appellant's bad-conduct discharge. If appellant believed that her restriction after trial violated her pretrial agreement, she could have requested a post-trial session before a military judge to clear up the matter. *See* RCM 1102.

Instead, appellant resorted to self-help after the trial and departed under circumstances that led to the new charge of illegal absence. Under these circumstances, she faced two possibilities after her apprehension. First, she faced the possibility of a new proceeding to vacate her suspended sentence, based on a charge of misconduct growing out of her breach of restriction and later absence. This proceeding would have replaced and could have corrected the earlier, flawed vacation proceeding. If held, it could have led to a requirement that she serve her 100–day sentence to confinement. This would have mooted any complaint that she had about her post-apprehension confinement, except for any credit that she might have re-

ceived for premature imposition of the restriction.

Second, she faced the possibility of a new court-martial for desertion. *See* Art. 85, UCMJ, 10 USC § 885. Although appellant suggests that a desertion charge may have been harsh, she has not demonstrated that the command lacked a reasonable basis for pursuing either desertion or a lesser absence offense. *See* Art. 86, UCMJ, 10 USC § 886.

In this context, appellant and her defense counsel sought to minimize her potential liability, in circumstances where any finding of illegality in her post-trial restriction and her post-apprehension confinement was not likely to produce substantial relief. She agreed to waive any claims she might have in connection with the post-trial restriction, the flawed vacation proceeding, and the post-apprehension confinement. In return, the command agreed to dismiss the desertion charge. Although not expressed in the agreement, both appellant and the convening authority were relieved thereby of the need for a new vacation proceeding that could have provided for post-apprehension confinement.

In that regard, it is important to note that a vacation proceeding is collateral to the court-martial and is held within the command structure. Although RCM 1109 prescribes a range of due process requirements, the presiding and decision-making officials are commanders, not a military judge. *See* RCM 1109(d)(1) and (2).*

Under these circumstances, it is appropriate for an accused who seeks some benefit from waiving a vacation proceeding to do so through communications and agreement directly with the convening authority, without resort to any sort of inquiry by a military judge as a condition precedent. Even where such an agreement, as in the present case, results in avoidance of a court-martial and dismissal of a pending charge—matters that are also within the prerogative of command-

---

* Applying the "tunnel of power" metaphor suggested by Judge Sullivan, appellant's case had passed through the portion of the tunnel under the control of the military judge and had entered that portion under the control of the command structure. *See United States v. Boudreaux*, 35 MJ 291, 296 (CMA 1992)(Sullivan, C.J., concurring in the result).

ers—it does not require the approval of a military judge.

In short, appellant waived any complaint about her post-apprehension confinement or the vacation proceeding held in her absence. She thereby avoided a new vacation proceeding that could have effectively validated her post-apprehension confinement and rendered moot any problem with the earlier vacation proceeding. In return, appellant avoided a court-martial resulting from the charged desertion. This agreement was collateral to the court-martial and within the command structure. She has demonstrated no government overreaching leading this agreement; nor has she shown any misunderstanding as to its meaning and effect.

Appellant could have contested the legality of the command's actions in a post-trial Article 39(a) proceeding or in a second vacation proceeding. Instead, she opted to seek relief directly from the convening authority. Appellant chose her forum, and under the circumstances of this case, it was not an unreasonable choice.

## III. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.